IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INTERNATIONAL TAX ADVISORS, INC., a
Nevada Corporation, CREATIVE TAX
STRATEGIES, INC, a Nevada Corporation,

      Plaintiffs,

V.

TAX LAW ASSOCIATES, LLC a Nevada
Limited Liability Company, TAX LAW
ASSOCIATES, INC.,  a Georgia Corporation,
TAX LAW ADVISORS, INC., a Georgia
Corporation, MICHAEL SCOTT FUSSELL.,
an Individual, CRYSTAL KINDER, an
Individual, and JOHN CERAMI, an individual.

      Defendants.

Case No. 08 C 2222

Judge Ruben Castillo

Magistrate Judge Schenkier

## DEFENDANTS' ANSWER TO PLAINTIFFS COMPLAINT
## FOR INJUNCTIVE RELIEF AND DAMAGES

      Now come the defendant, John Cerami (hereinafter referred to as

"Cerami"), and for his Answer to the Plaintiffs' Complaint for Injunctive Relief and

Damages, respectfully states as follows:

## PREDICATE STATEMENT

1.  This Verified Complaint is brought by the Plaintiffs in connection with a scheme by the Defendants to infringe upon the copyright of ITA for Defendants' own pecuniary gain, by use of the Internet, interstate mail, wire and transportation; the Defendants' breach of contract with CTS as part of their scheme of infringement, and other illegal conduct set forth below. The Plaintiffs seek relief which includes actual, punitive and treble damages under federal and state law, as well as an accounting, imposition of constructive trusts with tracing, imposition and execution of equitable liens, divestiture, restrictions on future conduct, costs of suit, interest and attorneys' fees.

## PARTIES

2.  Plaintiff, International Tax Advisors, Inc. (ITA), a Nevada corporation, incorporated in 2002, duly licensed to do business in Illinois, having its principal place of business located in Buffalo Grove, Illinois, is a business involved in providing tax consulting services.

ANSWER:

> Defendant admits that ITA has its principal place of business in Buffalo Grove, Illinois and is involved in providing tax consulting services. Defendant lacks sufficient information to form an answer to the remaining allegations of paragraph 2 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

3.   Plaintiff, Creative Tax Strategies, Inc. (CTS), a Nevada corporation, incorporated in 2002, duly licensed to do business in Illinois, having its principal place of business located in Buffalo Grove, Illinois, is a business also involved in providing tax consulting services.

ANSWER:

> Defendant admits that CTS has its principal place of business in Buffalo Grove, Illinois and is involved in providing tax consulting services. Defendant lacks sufficient information to form an answer to the remaining allegations of paragraph 3 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

4.   Tax Law Associates, LLC (TLAL), a Nevada Limited Liability Company, was created in 2004 and has M. Scott Fussell listed as its Managing Member.

ANSWER:

> Defendant lacks sufficient information to form an answer to the remaining allegations of paragraph 4 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

5.   Tax Law Associates, Inc. (TLA), a Georgia Corporation, was incorporated in 2004 and has M. Scott Fussell listed as its Registered Agent, CEO, CFO and Secretary.

ANSWER:

> Defendant lacks sufficient information to form an answer to the remaining allegations of paragraph 5 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

6.  Tax Law Advisors, Inc. (TLAI), a Georgia Corporation, was incorporated in

2004 and has M. Scott Fussell listed as its Registered Agent, CEO, CFO and

Secretary.

ANSWER:

> Defendant lacks sufficient information to form an answer to the remaining
> allegations of paragraph 6 of plaintiffs' complaint and therefore, neither admit
> or deny said allegations and demand strict proof thereof.


7. On information and belief, Defendant Michael Scott Fussell is an individual,

a Georgia resident, a Georgia licensed attorney and a CPA, and former employee of

Plaintiff's.

ANSWER:

> Defendant lacks sufficient information to form an answer to the remaining
> allegations of paragraph 7 of plaintiffs' complaint and therefore, neither admit
> or deny said allegations and demand strict proof thereof.


8. On information and belief, Defendant Crystal Kinder is an individual, an

Illinois resident, a CPA and currently attending law school, and was at all times

relevant an employee of Plaintiff's.

ANSWER:

> Defendant lacks sufficient information to form an answer to the remaining
> allegations of paragraph 8 of plaintiffs' complaint and therefore, neither admit
> or deny said allegations and demand strict proof thereof.


9. On information and belief, Defendant John Cerami is an individual, an

Illinois resident, employee of Tax Law Advisors, Inc., and former employee of

Plaintiff's.

ANSWER:

Defendant denies that Cerami is an employee of Tax Law Advisios and admits the remaining allegations of paragraph 9 of plaintiffs' complaint.

## JURISDICTION AND VENUE

10. As this action arises out of the Copyright Act 17 U.S.C. § 101 et seq. and 15 U.S.C. § 45, this court has jurisdiction pursuant to 28 U.S.C. § 1331. The court has supplemental jurisdiction over the pendant state law claims pursuant to the principles of supplemental jurisdiction contained in 28 U.S.C. § 1367(a).

ANSWER:

Defendant admits the allegations of paragraph 10 of plaintiffs' complaint.

11. Venue is proper in this Court as a substantial part of the events giving rise to these claims arose in the Northern District of Illinois.

ANSWER:

Defendant admits the allegations of paragraph 11 of plaintiffs' complaint.

## GENERAL ALLEGATIONS: ITA Products and Services

12. ITA is a private company that has conducted business since 2002.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 12 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

13. ITA and its affiliated companies gather pertinent information in order to

5

perform tax analyses. This information generates an illustration entitled "Preliminary
Tax Savings & Exposure Illustration". This Illustration has been in use since 2002
and has been Copyright Protected. (See Group Exhibit 1.)

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of
> paragraph 13 of plaintiffs' complaint and therefore, neither admit or deny said
> allegations and demand strict proof thereof.

14.   This tax illustration allows the ITA staff to demonstrate to its client the
projected tax savings that are achievable based on the client's unique facts and
circumstances.

ANSWER:

> Defendant admits the allegations of paragraph 14 of plaintiffs' complaint.

15.   The ITA Assurance, an actual letter of assurance created by ITA, is key to
any future services provided. The ITA Assurance constitutes ITA's firm commitment
to deliver to the client tax strategies that will produce savings consistent with those
indicated in their tax illustration.   The ITA Assurance is a key element in ITA's
process, and is directly responsible for generating a substantial portion of ITA's tax
consulting revenues. This "ITA Assurance" has been in use since 2002 and has
been copyright protected. (See Exhibit 2.)

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of
> that the ITI Assurance has been in use since 2002 and therefore, neither

6

admit or deny said allegations and demand strict proof thereof. Defendant

admits the remaining allegations of paragraph 15 of plaintiffs' complaint.

16.    TLA is a privately held corporation formed in 2004 to provide tax

consulting services.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of
paragraph 16 of plaintiffs' complaint and therefore, neither admit or deny said
allegations and demand strict proof thereof.

17.    TLA was formed by Defendant Michael Scott Fussell, an individual who

worked for ITA from June, 2002 to October, 2003.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of
paragraph 17 of plaintiffs' complaint and therefore, neither admit or deny said
allegations and demand strict proof thereof.

18. Defendant Crystal Kinder, until April of 2008, was a CTS employee, having

been hired by ITA in June, 2002 and transferred to CTS in 2005.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of
paragraph 18 of plaintiffs' complaint and therefore, neither admit or deny said
allegations and demand strict proof thereof.

19.    Defendant John Cerami wrongfully utilized ITA's copyrighted forms in

violation of the Copyright Act while conducting his business with ITA clients for the

benefit of Tax Law Advisors, Inc. and himself.

ANSWER:

7

Defendant denies the allegations of paragraph 19 of plaintiffs' complaint.

20.    Included in Defendant Crystal Kinder's Employment Agreement are clauses relating to the confidentiality, ownership and control of Kinder's work product. (See Exhibit 3).

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 20 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

21.    Defendant, Michael Scott Fussell, had an equity position in, and worked with, Tax Law Solutions, Inc. a Georgia Corporation, now dissolved, and provided Tax Law Solutions, Inc. with ITA's confidential and copyrighted documents consisting of the ITA Assurance and the ITA Preliminary Tax Saving & Exposure Illustration, documents Michael Scott Fussell used while he was employed with ITA. Tax Law Solutions, Inc. utilizes the same copyrighted documents but renamed them Tax Benefit Assurance and Tax Savings Verification Report respectively. (See Exhibits 4 and 5)

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 21 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

22.    Defendant Michael Scott Fussell continues to use ITA's copyrighted documents in that TLA, and upon information and belief TLAI, conducts a tax analysis and presents the client with a "Tax Savings Verification Report" which is the

same as ITA's Copyrighted "Preliminary Tax Savings & Exposure Illustration." (See

Exhibit 6)

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 22 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

> 23.  Upon information and belief, TLA and TLAI then present their prospective

clients with a form document entitled "Tax Benefit Assurance" which is the same as

ITA's copyrighted "ITA Assurance". (See Exhibit 4)

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 23 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

> 24.  After the client contracts for tax services, Tax Consultants arrive on site

and begin an in-depth consulting process.

ANSWER:

> Defendant admits the allegations of paragraph 24 of plaintiffs' complaint.

> 25.  ITA copyrighted its Tax Strategy Report and has registered its copyright.

(See Exhibit.7)

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 12 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

9

26.    Defendants, jointly and severally, have plagiarized and made unauthorized use of ITA's Tax Strategy Report and have done same on at least five occasions with four clients. (See Exhibit 8: Boone Lumber, Inc. Report, Exhibit 9: Nottap, Inc. Report, Exhibit 10: Comtrac Services, Inc. (Darren Rice), Exhibit 11: Comtrac Services, Inc. (David Hendee) and Exhibit 12: Enzymedica, Inc.)

ANSWER:

Defendant denies the allegations of paragraph 26 of plaintiffs' complaint.

27.    Michael Scott Fussell contacted Crystal Kinder (while Kinder was employed by CTS) to enlist her aid in writing Tax Strategy Reports for TLAI clients.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 27 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

28.    Michael Scott Fussell conspired with Crystal Kinder to wrongfully obtain ITA's trade secrets, confidential information and Copyrighted Materials.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 28 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

29.    TLAL, TLA, TLAI, Michael Scott Fussell, and John Cerami wrongfully benefited from the work product of Crystal Kinder while she was an employee of CTS.

ANSWER:

10

Defendant denies the allegations of paragraph 29 of plaintiffs' complaint.

30.  Defendants, jointly and severally, wrongfully benefited from use of ITA's Copyrighted Materials when they used said Materials to sell the tax consulting services of TLAL, TLA, and TLAI.

ANSWER:

Defendant denies the allegations of paragraph 30 of plaintiffs' complaint.

31. Defendant, Michael Scott Fussell and his entities Tax Law Associates, LLC, Tax Law Associates, Inc., and Tax Law Advisors, Inc. are competitors of the Plaintiffs'.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 31 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

## COUNT I
### (Infringement of a Federal Copyright, 17 U.S.C. § 106(1),(2), &(3))

32.  ITA repeats and re-alleges the allegations contained in paragraphs 1 - 31 as if fully stated herein.

ANSWER:

Defendant repeats and adopt the answers contained in paragraphs 1 - 31 as if fully stated herein.

33.  At least as early as 2002, ITA adopted and began using the distinctive Copyrighted Material, "Preliminary Tax Savings & Exposure Illustration," in interstate

commerce and in connection with its products and services.

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 33 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

34. ITA has used the 2002 Illustration to promote its services nationwide. As a result of ITA's use of the Copyrighted Material, ITA has experienced significant growth.

ANSWER:

> Defendant admits that ITA has used the 2002 Illustration to promote its services, but lack sufficient information to form an answer to the remaining allegations of paragraph 34 and therefore, neither admit or deny said allegations and demand strict proof thereof.
> 35. At least as early as early as 2002, ITA has used the copyrighted material

entitled "ITA Assurance". As a result of ITA's use of the copyrighted material, ITA

has experienced significant growth.

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 35 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

36.    By replicating ITA's copyrighted materials, Defendants have used,

and continue to use, the ITA Copyrighted Materials in commerce in

a manner that infringes upon the exclusive rights that Federal

Copyright laws protect. 17 U.S.C. § 106(1),(2),&(3).

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 36 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

37. By their conduct and actions, Defendants, jointly and severally, have demonstrated their intent to continue to wrongfully use these Copyrighted Materials in commerce.

ANSWER:

Defendant denies the allegations of paragraph 37.

38. As a direct and proximate result of the foregoing acts, practices and conduct, ITA has been and continues to be damaged, resulting in diminished goodwill and reputation of ITA, as well as diminished effectiveness of ITA's Copyrighted Materials in identifying, distinguishing, and giving veracity to ITA's services.

ANSWER:

Defendant denies the allegations of paragraph 38.

39.    ITA has no adequate remedy at law because ITA's "Preliminary Tax Savings & Exposure Illustration" and the Strategic Tax Planning Report represents to the public ITA's reputation and goodwill of ITA being a unique company, such that damages alone cannot fully compensate ITA for the dilution caused by Defendants' misconduct.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 12 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

40.  Unless enjoined by the Court, Defendants will continue to engage in activities that infringe upon ITA's Copyrighted Material. Both preliminary and permanent injunctive reliefs are required to prevent Defendant's continued misconduct and to mitigate ITA's injury and the infringement upon the ITA copyrights.

ANSWER:

Defendant denies the allegations of paragraph 40.

41.  The foregoing acts of infringement resulted from the willful intention of Defendants to infringe upon ITA's created work, within the meaning of 17 U.S.C. § 106(1),(2)&(3), thereby entitling ITA to the remedies set forth in 17 U.S.C. § 504 & 17 U.S.C. § 502(a).

ANSWER:

Defendant denies the allegations of paragraph 41.

42.  A granting of the requested injunctive relief would not unduly burden Defendants or the public, because ITA is only seeking to enjoin otherwise illegal

behavior. The benefit provided to ITA, however, would be great inasmuch as ITA would be relieved of a continued infliction of irreparable harm.

ANSWER:

Defendant denies the allegations of paragraph 42.

WHEREFORE, Defendant, John Cerami respectfully requests that this Court enter a judgment in his favor and against Plaintiffs or for the entry of an Order dismissing the Plaintiffs' Complaint and for any other relief this Court deems just and appropriate.

## COUNT II(Fraud)

43. ITA repeats and re-alleges the allegations contained in paragraphs 1 - 42 as if fully stated herein.

ANSWER:

Defendant repeats and adopt the answers contained in paragraphs 1 - 42 as if fully stated herein.

44. ITA created the said Copyrighted Materials in 2002 and Defendants were aware of the materials' use in commerce in that both Defendants Michael Scott Fussell and Crystal Kinder have been employed with ITA.

ANSWER:

Defendant lacks sufficient information to form an answer as to the date of the alleged creation of said materials and therefore, neither admit or deny said allegations and

15

demand strict proof thereof.

45.  In spite of their ethics training as Certified Public Accountants, as well as Fussell's Professional Responsibility obligations as a lawyer and Kinder's ethical obligations as a law student, Defendants created duplicates of ITA's Copyrighted Materials and represented them as their own.

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 45 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

46.  Defendants continue to use these Copyrighted Materials to procure clients and provide services for them for their own pecuniary gain to the detriment of the Plaintiffs.

ANSWER:

> Defendant denies the allegations of paragraph 46.

47.  As a result of the Defendants' misrepresentations and/or omissions, as well as the fraudulent, unfair and/or deceptive practices and actions as set forth above, ITA has suffered various damages and losses, including but not limited to having been defrauded in the amount of at least $100,000.

ANSWER:

> Defendant denies the allegations of paragraph 47.

48.  The misrepresentations and/or omissions, as well as the fraudulent, unfair, and/or deceptive practices and actions set forth above, were made willfully

and intentionally or in reckless disregard for the truth or falsity of said misrepresentations and/or omissions, as well as fraudulent, unfair, and/or deceptive practices and actions.

ANSWER:

Defendant denies the allegations of paragraph 48.

WHEREFORE, Defendant, John Cerami respectfully requests that this Court enter a judgment in his favor and against Plaintiffs or for the entry of an Order dismissing the Plaintiffs' Complaint and for any other relief this Court deems just and appropriate.

## COUNT III(Conversion)

49.  ITA repeats and re-alleges the allegations contained in paragraphs 1 - 48 as if fully stated herein.

ANSWER:

Defendant repeats and adopts the answers contained in paragraphs 1 - 48 as if fully stated herein.

50.  From TLA's inception to the current date, the Defendants, jointly and severally, have been using ITA's Copyrighted Materials as their own without ITA's authorization.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 50 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

17

51. From TLA's inception to the current date, the Defendants, jointly and severally, have been conducting business and receiving revenues as a result of their infringement of ITA's Copyrighted Materials.

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 51 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

52. ITA has an absolute and unconditional right to maintain possession and control of its Copyrighted Materials because said Materials were created by ITA for ITA's use.

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 52 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

53. ITA has not demanded possession of its Copyrighted Materials from Defendants for fear that such a demand would lead Defendants to destroy evidence relevant to this matter.

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 53 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

54. The Defendants have wrongfully and without authorization assumed control, dominion, and ownership over the money obtained through use of ITA's

Copyrighted Materials.

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 54 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

> 55.  ITA has an absolute and unconditional right to maintain possession and

control of any proceeds from the use of its Copyrighted Materials.

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 55 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

> 56.  ITA has not demanded possession of its money from Defendants for fear

that such a demand would lead Defendants to destroy evidence relevant to this

matter.

ANSWER:

> Defendant denies the allegations of paragraph 56.

WHEREFORE, Defendant, John Cerami respectfully requests that this Court

enter a judgment in his favor and against Plaintiffs or for the entry of an Order

dismissing the Plaintiffs' Complaint and for any other relief this Court deems just and

appropriate.

### COUNT IV(Breach of Fiduciary Duty)
57.  ITA repeats and re-alleges the allegations contained in paragraphs 1 - 56

as if fully stated herein.

ANSWER:

Defendant repeats and adopt the answers contained in paragraphs 1 57 as if fully stated herein.

58.   The Defendants Michael Scott Fussell and Crystal Kinder and John Cerami , jointly and severally,  have a fiduciary duty to the Plaintiffs as they were employed by the principals of ITA and CTS as employees.

ANSWER:

Defendant admits the allegations of paragraph 58.

59.   While employees of ITA and CTS, the Defendants had access to proprietary materials in both electronic and hard copy form, including but not limited to the infringed Copyrighted Materials at dispute.

ANSWER:

Defendant denies any infringement on their part or any wrongdoing whatsoever, and admit the remaining allegations of paragraph 59.

60.  Defendants, knowing the Copyrighted Materials were confidential, used the Materials without ITA's or CTS's authorization for their own pecuniary gain, against the interests of ITA and CTS.

ANSWER:

Defendant denies the allegations of paragraph 60.

WHEREFORE, Defendants, John Cerami respectfully requests that this Court enter a judgment in his favor and against Plaintiffs or for the entry of an Order dismissing the Plaintiffs' Complaint and for any other relief this Court deems just and appropriate.

## COUNT V
## (Violation of Illinois Trade Secret Act 765 ILCS 1065)

61.  ITA repeats and re-alleges the allegations contained in paragraphs 1 - 60 as if fully stated herein.

ANSWER:

Defendant  repeats and adopts the answers contained in paragraphs 1 - 60 as if fully stated herein.

62.  All ITA Copyrighted Materials at issue are trade secrets of ITA in that the Materials constitute formulas, programs, data, methods, techniques, and processes that are sufficiently secret to derive actual economic value from not being known to other persons who can obtain economic value from their disclosure or use.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 62 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

63.  ITA uses reasonable efforts to ensure the secrecy and confidentiality

21

of its Copyrighted Materials.

ANSWER:

Defendant admits the allegations of paragraph 63.

64. In fact, "Preliminary Tax Savings & Exposure Illustration" contains an encoded, secured calculation grid that says "For Office Use Only." This grid is not removable without extensive reprogramming. This non-removable item remains on the Defendants' "Tax Savings Verification Report." (See Exhibits 5 and 6)

ANSWER:

Defendant admits the allegations of paragraph 64.

65. Defendants, jointly and severally, have improperly acquired, disclosed and used ITA's Copyrighted Materials without the express or implied consent of ITA.

ANSWER:

Defendant denies the allegations of paragraph 65.

66. As a means of misappropriating ITA's Copyrighted Materials, Defendant Michael Scott Fussell induced Defendant Crystal Kinder to breach her duty under her employment agreements with ITA and CTS to maintain secrecy of ITA's Materials.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 66 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

67.  Defendants, jointly and severally,  have used and currently use ITA's trade secrets in violation of ILCS 765 1065(1)(2).

ANSWER:

Defendant denies the allegations of paragraph 67.

68.  ITA's trade secrets include but are not limited to its marketing process, calculation methods, certain tax strategies, and Tax Strategy Reports.

ANSWER:

Defendant admits the allegations of paragraph 68.

69.  Defendants' improper use of these trade secrets caused, and continues to cause, ITA great damages. As a result of Defendants' fraudulent conduct, hours of strategizing, programming, and immeasurable amounts of resources are at risk. Such strategies were revealed to Defendants based on the representation they would not be used for personal gain and other express purposes as delineated in their respective employment agreements with ITA and/or CTS.

ANSWER:

Defendant denies the allegations of paragraph 69.

WHEREFORE, Defendants, John Cerami respectfully requests that this Court enter a judgment in his favor and against Plaintiffs or for the entry of an Order dismissing the Plaintiffs' Complaint and for any other relief this Court deems just and appropriate.

COUNT VI    (Violation of the Consumer Fraud and Deceptive Trade Practices Act 815 ILCS 510/1 et. seq.)

70.  ITA repeats and re-alleges the allegations contained in paragraphs 1 - 69 as if fully stated herein.

ANSWER:

Defendant repeats and adopts the answers contained in paragraphs 1 - 70 as if fully stated herein.

71.  Defendants, jointly and severally, have engaged in conduct that creates a likelihood prospective clients will choose not to retain ITA for tax consulting services.

ANSWER:

Defendant denies the allegations of paragraph 71.

72.  Defendants, jointly and severally, continue to use ITA's Copyrighted Materials.

ANSWER:

Defendant denies the allegations of paragraph 72.

24

73. Defendants, jointly and severally, have used and continue to use ITA's Copyrighted Materials and pass them off as their own, violating the Illinois Consumer Fraud and Deceptive Trade Practices Act 815 ILCs 510/2(a)(1).

ANSWER:

Defendant denies the allegations of paragraph 73.

74. Specifically, Defendants, jointly and severally, have engaged in conduct that will cause a likelihood of confusion or of misunderstanding as to the source, sponsorship and approval of ITA's Copyrighted Materials in violation of 815 ILCS 510/2(a)(2).

ANSWER:

Defendant denies the allegations of paragraph 74.

75. ITA has no adequate remedy at law because damages alone cannot fully compensate ITA for the damage caused by Defendants' misconduct.

ANSWER:

Defendant denies the allegations of paragraph 75.

76. Unless enjoined by the Court, Defendants will continue to engage in activities that infringe upon ITA's products and services to ITA's irreparable injury. This threat of future injury to ITA's goodwill and reputation requires preliminary and permanent injunctive relief to prevent Defendants' misconduct and to ameliorate and mitigate ITA's injury and the damage to ITA which cannot be made whole by damage award alone.

25

ANSWER:

Defendant denies the allegations of paragraph 76.

77. A granting of the requested injunctive relief would not unduly burden Defendants or the public, because ITA is only seeking to enjoin otherwise illegal behavior. The benefit provided to ITA, however, would be great inasmuch as it would be relieved of a continued infliction of irreparable harm.

ANSWER:

Defendant denies the allegations of paragraph 77.

WHEREFORE, Defendant, John Cerami respectfully requests that this Court enter a judgment in his favor and against Plaintiffs or for the entry of an Order dismissing the Plaintiffs' Complaint and for any other relief this Court deems just and appropriate.

## COUNT VII(Violation of Federal Deceptive Trade Practices Act 15 U.S.C. §45)

78. ITA repeats and re-alleges the allegations contained in paragraphs 1 – 77 as if fully stated herein.

ANSWER:

Defendant repeats and adopts the answers contained in paragraphs 1 - 77 as if fully stated herein.

79.  By wrongfully obtaining and using ITA's Copyrighted Materials for their own pecuniary gain, Defendants, jointly and severally,  have used and are using unfair methods of competition in affecting commerce.

ANSWER:

Defendant denies the allegations of paragraph 79.

80.  In using ITA's Copyrighted Materials without authorization, Defendants , jointly and severally,  have used, and are using, unfair or deceptive acts and practices to affect commerce.

ANSWER:

Defendant denies the allegations of paragraph 80.

WHEREFORE, Defendant, John Cerami respectfully requests that this Court enter a judgment in his favor and against Plaintiffs or for the entry of an Order dismissing the Plaintiffs' Complaint and for any other relief this Court deems just and appropriate.

## COUNT VIII(Accounting)

81.  ITA repeats and re-alleges the allegations contained in paragraphs 1 - 80 as if fully stated herein.

ANSWER:

Defendant repeats and adopts the answers contained in paragraphs 1 - 80 as if fully stated herein.

82.  Due to Defendants unlawfully using ITA's Copyrighted Materials the Defendants reaped a substantial financial windfall to their benefit and to the detriment of ITA.

ANSWER:

Defendant denies the allegations of paragraph 82.

83.  The amounts of revenue and profit generated by the Defendants doing tax work based on ITA's proprietary materials are unknown to ITA because the Defendants have had sole possession, custody, and control of their books and records during all periods of time relevant herein.

ANSWER:

Defendant denies he used without authorization, ITA's proprietary materials and admit the remaining allegations of paragraph 83.

84.  ITA seeks equitable relief, as there exists no adequate remedy at law for this claim for accounting and ITA cannot, at this time, ascertain the revenues rightfully due.

ANSWER:

Defendant denies the allegations of paragraph 84.

WHEREFORE, Defendant, John Cerami respectfully requests that this Court enter a judgment in his favor and against Plaintiffs or for the entry of an Order dismissing the Plaintiffs' Complaint and for any other relief this Court deems just and appropriate.

## COUNT IX
### (Tortuous Interference with Contract)

85.  ITA repeats and re-alleges the allegations contained in paragraphs 1-84 which are adopted and incorporated by reference as if set forth fully herein and all subsequent allegations in this Complaint are adopted and incorporated by reference.

28

ANSWER:

> Defendant repeats and adopts the answers contained in paragraphs 1 - 84 as if fully stated herein.

86.  Defendants Fussell, TLAL, TLA and TLAI were aware of the existence of the employment contract between CTS and Crystal Kinder by virtue of the fact that Fussell had been a supervisor to all CTS employees, including Crystal Kinder, while employed by ITA.

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 86 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

87.  The Contract of employment between CTS and Crystal Kinder is a valid enforceable contract.

ANSWER:

> Defendant is not required to render legal opinions to conclusions of law.

88.  The Contract of employment between CTS and Crystal Kinder contained a confidentiality covenant in her employment agreement. (See Exhibit 3 attached hereto and incorporated by reference)

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 88 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

89.    The Defendants Fussell, TLAL, TLA and TLAI intentionally and unjustifiably attempted to, and did, induce Crystal Kinder to violate her employment agreement with CTS by utilizing Copyrighted Materials belonging to ITA, trade secrets of ITA and other confidential information for the benefit of Defendants Fussell, TLAL, TLA and TLAI and to the disadvantage of ITA and CTS.

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 89 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

90.    Such conduct was/is reckless, intentional, malicious, wanton, and represents a conscious and total disregard for the rights of CTS and ITA, and causes damage to both Plaintiffs – especially considering Defendants' ethics training as Certified Public Accountants, as well as Fussell's Professional Responsibility obligations as a lawyer and Kinder's ethical obligations as a law student.

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 90 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

91.    Both Plaintiffs have expended great sums of money in the development and training of Crystal Kinder.

ANSWER:

> Defendant lacks sufficient information to form an answer to the allegations of paragraph 91 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

30

92. Due to the Defendants Fussell, TLAL, TLA and TLAI's interference with the employment contract, the Plaintiffs were deprived of her services.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 92 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

93. Unless enjoined, the Defendants will continue to cause irreparable harm and interfere with the Plaintiffs' contractual relationships with its employees.

ANSWER:

Defendant denies the allegations of paragraph 93.

WHEREFORE, Defendant, John Cerami respectfully requests that this Court enter a judgment in his favor and against Plaintiffs or for the entry of an Order dismissing the Plaintiffs' Complaint and for any other relief this Court deems just and appropriate.

## COUNT X
### (Tortuous Interference with Prospective Economic Gain)

94. The allegations contained in paragraphs 1-93 are adopted and incorporated by reference as if set forth fully herein and all subsequent allegations in this Complaint are adopted and incorporated by reference.

ANSWER:

Defendant repeats and adopts the answers contained in paragraphs 1 - 93 as if fully stated herein.

31

95. The Defendants, jointly and severally, knew that Plaintiffs had a reasonable expectation of entering into valid business relationships with many additional clients nationwide.

ANSWER:

Defendant admits the allegations of paragraph 95.

96. The Defendants, jointly and severally, knew of this expectation, and purposely interfered to prevent the expectation from being fulfilled.

ANSWER:

Defendant denies the allegations of paragraph 96.

97. In particular, the Defendants' piracy of intellectual property, use of ITA's trade secrets, use of ITA's confidential information and use of CTS's employee damaged the Plaintiffs' business in the present and future and for their own pecuniary gain.

ANSWER:

Defendant denies the allegations of paragraph 97.

98. Such conduct is reckless, intentional, malicious, wanton, and represents a conscious and total disregard for the rights of the Plaintiffs and causes damage to the Plaintiffs.

ANSWER:

Defendant denies the allegations of paragraph 98.

99. Such conduct is made more egregious by Defendants' ethics training as Certified Public Accountants, as well as Fussell's Professional Responsibility obligations as a lawyer and Kinder's ethical obligations as a law student.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 99 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

100. ITA, during the ordinary course of business, contacted prospective clients and found that the Defendants, jointly and severally, have utilized similar if not exact presentations of ITA's Copyrighted Material.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 100 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

101. ITA has discovered that the Defendants, jointly and severally, have utilized ITA's confidential trade secrets and proprietary information in the presentation and the formulation of the recommendations in their reports.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 101 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

WHEREFORE, Defendant, John Cerami respectfully requests that this Court enter a judgment in his favor and against Plaintiffs or for the entry of an

Order dismissing the Plaintiffs' Complaint and for any other relief this Court

deems just and appropriate.

## COUNT XI
## (Unjust Enrichment)

102.   The Plaintiffs incorporate paragraphs 1-101 of this complaint by

reference as if set forth fully herein and all subsequent allegations of this complaint

are adopted and incorporated by reference.

ANSWER:

> Defendant repeats and adopts the answers contained in paragraphs 1 -
> 101 as if fully stated herein.

103.   The Defendants unjustly enriched themselves at the expense of ITA and

CTS by utilizing ITA's Copyrighted Materials, confidential and trade secrets and ITA

computers, as well as a CTS employee, to develop materials that duplicate ITA's

Copyrighted Materials and by passing said Materials off as their own when in fact the

Materials were developed by ITA employees during the terms of their employment.

ANSWER:

> Defendant denies the allegations of paragraph 103.

104.   Such conduct is reckless, intentional, malicious, wanton, and represents

a conscious and total disregard for the rights of the Plaintiffs, and causes damage to

the Plaintiffs.

ANSWER:

> Defendant denies the allegations of paragraph 104.

105. The Defendants have expressed and demonstrated intent to continue their illegal activities.

ANSWER:

Defendant denies the allegations of paragraph 105.

106. Plaintiffs have no adequate remedy at law because damages alone cannot fully compensate ITA for the damage caused by Defendants' misconduct.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 106 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

107. Unless enjoined by the Court, Defendants will continue to engage in activities that infringe upon Plaintiffs' products and services to Plaintiffs' irreparable injury. This threat of future injury to Plaintiffs' goodwill and reputation requires preliminary and permanent injunctive relief to prevent Defendants' misconduct and to ameliorate and mitigate Plaintiffs' injury and the damage to Plaintiffs.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 107 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

108. A granting of the requested injunctive relief would not unduly burden Defendant or the public, because Plaintiffs are only seeking to enjoin otherwise illegal behavior. The benefit provided to Plaintiffs, however, would be great inasmuch as ITA would be relieved of continued use of its confidential work product by

35

unauthorized parties and CTS would be relieved of the wrongful use of its employee.

ANSWER:

Defendant denies the allegations of paragraph 108.

WHEREFORE, Defendants, John Cerami respectfully requests that this Court enter a judgment in his favor and against Plaintiffs or for the entry of an Order dismissing the Plaintiffs' Complaint and for any other relief this Court deems just and appropriate.

## COUNT XII
### (Civil RICO Substance and Conspiracy – Scheme to Defraud by use of Mails, by Transportation and by Wire (Telephone, Fax and Internet))

109. The Plaintiffs incorporate paragraphs 1-108 of this complaint by reference as if set forth fully herein and all subsequent allegations of this complaint are adopted and incorporated by reference.

ANSWER:

Defendant repeats and adopts the answers contained in paragraphs 1 - 108 as if fully stated herein.

110. The Defendants conspired to appropriate ITA Copyrighted Materials and trade secrets for their own pecuniary gain. The Predicate details of the conspiracy and scheme are set forth above.

ANSWER:

Defendant denies the allegations of paragraph 110.

36

111.   On more than two occasions the Defendants and each of them appropriated, used wrongfully and, without the knowledge or permission of ITA stole and plagiarized the intellectual property of ITA protected by copyright and trade secret statutes to pass the Materials off as their own for their own pecuniary gain when in fact the materials were owned by ITA.

ANSWER:

Defendant denies the allegations of paragraph 111.

112.   From its inception, the scheme and conspiracy followed a basic pattern or patterns which included the following elements:

a.   The Defendants and each of them would use the internet, fax, telephone, cellular telephone and other methods used for interstate commerce to obtain copyrighted materials, and trade secrets of ITA to pass off to the unsuspecting public as the work product of the defendants.

b.   The Defendants and other unknown co-conspirators would integrate themselves with employees of ITA and CTS to profit from ITA's copyrights, trade secrets, intellectual property, and work product, to avoid the costly development of their own materials, processes, formulas, and work product and in order to pass same off as their own to the unsuspecting public.

c.   From their offices in Georgia and elsewhere the Defendants and other co-conspirators would contact business targets, such as Boone Lumber, Inc., Nottap, Inc., Comtrac, Services, Inc., Enzymedica, Inc., and others with a series of pitches about Defendants' immense knowledge, expertise, special formulas, proprietary processes which would be used for the benefit of the targets, when in fact they had the intention of stealing, misappropriating and plagiarizing the Copyrighted Materials, trade secrets, proprietary confidential formula, processes, and confidential information and work product of ITA and representing it as their own for their own pecuniary gain.

d.   The documents prepared for the Defendants' clients are substantially the same as ITA's Copyrighted Materials except for the numbers. (See Exhibit 8: Boone Lumber, Inc. Report, Exhibit 9: Nottap, Inc. Report, and Exhibit 10: Comtrac Services, Inc. (Darren Rice), Exhibit 11: Comtrac Services,

Inc. (David Hendee) and Exhibit 12: Enzymedica, Inc.) (See also Exhibit 7: ITA Copyrighted Strategic Tax Planning Report)

ANSWER:

Defendant denies the allegations of paragraph 112 a-d inclusive.

113.   In engaging in such conduct, the Defendants and each of them and other unknown persons would and did agree among themselves, and with other yet unknown Defendants JOHN DOE, to devise and participate in a scheme and plan of deceit, to defraud ITA and CTS. They conspired to breach their obligations of undivided loyalty, fidelity and duty to act faithfully to their employers (ITA and CTS) pursuant to their Employment Contracts and not for Defendants' self interest; The Defendants used false and fraudulent pretenses calculated to deceive persons of ordinary prudence and due care: The Defendants made material false or misleading statements of fact and information and also made material non-disclosures and concealments of fact and information, especially concerning their wrongful use of ITA business forms, Copyrighted Materials, trade secrets, processes and formulas, all of which were important to their "Targets" in deciding whether to act in the conduct of their affairs; all by the Defendants so as to unlawfully, intentionally, willfully and with intent to defraud, knowingly and with specific intent to deceive in order to divert money from their "Targets" and the Plaintiffs ITA and CTS to the Defendants.

ANSWER:

Defendant denies the allegations of paragraph 113.

114.   At all relevant times, in connections with the aforesaid activities giving rise to this complaint, Defendants conspired with each other and others, yet unknown, to engage in the

38

activities set forth herein and aided and abetted one another in such activities all as prescribed and prohibited by 18 U.S.C. §§ 2, 371 and 1962.

ANSWER:

Defendant denies the allegations of paragraph 114.

115.  Plaintiff ITA is a "Person" within the meaning of 18 U.S.C. §§ 1961 and 1964, and Defendant TLAL, TLA and TLAI are "Enterprises" within the meaning of 18 U.S.C. §§ 1961 and 1962.

ANSWER:

Defendant admits the allegations of paragraph 115.

116.  Defendants  Michael Scott Fussell, Crystal Kinder, and John Cerami are " Persons" with the meaning of 18 U.S.C. §§ 1961 and 1962 and at all relevant times were each employed by or associated with an "Enterprise" within the meaning of 18 U.S.C. §§ 1961 and 1962, namely in:

a. Multiple instances of mail fraud in violation of 18 U.S.C. § 1341.

b. Multiple instances of wire fraud in violation of 18 U.S.C. § 1343.

c.  Multiple instances of transportation in violation of 18 U.S.C. § 2314.

ANSWER:

Defendant denies the allegations of paragraph 116 a-c inclusive.

117.  Plaintiff ITA was directly and distinctly injured by Defendants in its business and property in an amount as yet to be determined, by reason

of Defendants' violations of 18 U.S. C. § 1962 (c) and (d) but which amount

exceeds One Hundred Thousand Dollars ($100,000).

ANSWER:

Defendant denies the allegations of paragraph 117.

118. ITA has no adequate remedy at law because ITA's "Preliminary

Tax Savings & Exposure Illustration" is used to improve ITA's reputation

and goodwill, such that damages alone cannot fully compensate ITA for the

dilution caused by Defendants' misconduct.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of
paragraph 118 of plaintiffs' complaint and therefore, neither admit or deny said
allegations and demand strict proof thereof.

119. Unless enjoined by the Court, Defendants will continue to

engage in activities that infringe upon ITA's Copyrighted Material. Both

preliminary and permanent injunctive reliefs are required to prevent

Defendants' continued misconduct and to mitigate ITA's injury and the

infringement upon the ITA copyrights.

ANSWER:

Defendant denies the allegations of paragraph 119.

120. A granting of the requested injunctive relief would not unduly

burden Defendants or the public because ITA is only seeking to enjoin

otherwise illegal behavior. The benefit provided to ITA, however, would be

great inasmuch as ITA would be relieved of a continued infliction of irreparable harm.

ANSWER:

Defendant denies the allegations of paragraph 120.

WHEREFORE, Defendants, John Cerami respectfully requests that this Court enter a judgment in his favor and against Plaintiffs or for the entry of an Order dismissing the Plaintiffs' Complaint and for any other relief this Court deems just and appropriate.

## COUNT XIII
## (Conspiracy)

121.  Plaintiff ITA reasserts and re-alleges paragraphs 1 – 120 of this complaint by reference as if set forth fully herein and all subsequent allegations of this complaint are adopted and incorporated by reference.

ANSWER:

Defendant repeats and adopts the answers contained in paragraphs 1 - 120 as if fully stated herein.

122.  By the aforesaid acts, and as a proximate result thereof, Defendants engaged in the conspiracies as heretofore alleged and carried out acts pursuant to their conspiracy. Plaintiff ITA has been damages thereby in an amount as yet undetermined, but which exceeds One Hundred Thousand Dollars ($100,000.00).

ANSWER:

Defendant denies the allegations of paragraph 122.

WHEREFORE, Defendants, John Cerami respectfully requests that this Court enter a judgment in his favor and against Plaintiffs or for the entry of an Order dismissing the Plaintiffs' Complaint and for any other relief this Court deems just and appropriate.


## COUNT XIV
## BREACH OF CONTRACT
### (Creative Tax Strategies, Inc. v. Crystal Kinder)

123.  Plaintiff, Creative Tax Strategies, Inc. ("CTS") reasserts and re-alleges paragraphs 1 – 122 of this complaint by reference as if set forth fully herein and all subsequent allegations of this complaint are adopted and incorporated by reference.

ANSWER:

Defendant repeats and adopt the answers contained in paragraphs 1 - 122 as if fully stated herein.

124.  Pursuant to Paragraph No. 5 of the Employment Agreement (See Exhibit 3), the Defendant, Crystal Kinder, was required to devote full time attention, knowledge and skills to the interest of the employer and shall not during the term of the agreement directly or indirectly, in any manner conduct any business similar to that of the employer's business.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 124 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

125.  Pursuant to Paragraph No. 6 of the Employment Agreement,

the employee shall not at any time in any manner either directly or

indirectly divulge, disclose, or communicate to any person, firm,

corporation, or entity or any other third party confidential information

concerning any matters affecting or relating to the business of the

employer.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 125 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

126.  Pursuant to Paragraph No. 6 of the Employment Agreement,

the employee was required to keep all inventions, discoveries,

improvements and designs as the sole property of the employer.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 126 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

127. Pursuant to Paragraph No. 7 of the Employment Agreement,

the employee shall not perform any act in violation of the Employment

Agreement and consented to a temporary preliminary injunction and

permanent injunction by any court of competent jurisdiction, in addition to

any money damages and agrees to render an equitable accounting of all

profits from such violations.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of
paragraph 127 of plaintiffs' complaint and therefore, neither admit or deny said
allegations and demand strict proof thereof.


128. In violation of these covenants and agreements, Defendant,

Crystal Kinder did in fact violate same by utilizing, while still an employee of

Creative Tax Strategies, Inc., proprietary software, trade secrets,

confidential information, and copyrighted materials for her own benefit and

for the benefit of Michael Scott Fussell and his entities, to the detriment of

Creative Tax Strategies, Inc.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of
paragraph 128 of plaintiffs' complaint and therefore, neither admit or deny said
allegations and demand strict proof thereof.

129.  There is no adequate remedy at law to prevent the Defendant,

Crystal Kinder from the continuous use of Plaintiff's proprietary software,

trade secrets, confidential information, and copyrighted materials after

disclosure of this lawsuit.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 129 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

130. That the continuous use by the Defendant of the Plaintiff's

confidential materials and information will continue to cause irreparable

harm to the Plaintiff.

ANSWER:

Defendant denies the allegations of paragraph 130.

131. In balancing the equities between the parties, the equities favor

the Plaintiff and the Plaintiff is an innocent party who has had its covenants

and agreements of its employment agreement breached by its employee,

Defendant, Crystal Kinder.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 132 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

132. There is a likelihood of success on the merits as the exhibits

clearly demonstrate that it was the Plaintiff's property, trade secrets and

confidential information, which was misappropriated by this employee for

her own pecuniary gain in violation of her employment agreement with

Plaintiff, Creative Tax Strategies, Inc.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 132 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

133.  That the Plaintiff, Creative Tax Strategies, Inc. has suffered damages in an amount to which the full extent of is undetermined as a result of the Defendant, Crystal Kinder's breach of contract.

ANSWER:

Defendant lacks sufficient information to form an answer to the allegations of paragraph 133 of plaintiffs' complaint and therefore, neither admit or deny said allegations and demand strict proof thereof.

WHEREFORE, Defendants, John Cerami respectfully requests that this Court enter a judgment in his favor and against Plaintiffs or for the entry of an Order dismissing the Plaintiffs' Complaint and for any other relief this Court deems just and appropriate.

Respectfully submitted,

John J. Cerami

John J. Cerami
12805 Muir Drive
Huntley, Illinois 60142

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

INTL TAX ADVISORS

**PLAINTIFF**

CASE NO. _08 C 2222_

VS.

JOHN J. CERANI

**DEFENDANT**

## PROOF OF SERVICE

TO: _INTL. TAX ADVISORS_
_1200 BARCLAY Rd._
_BUFFALO GROVE, IL._

TO: _____

_____

_____

TO: _____

_____

_____

I, the undersigned (plaintiff / defendant) certify that on the _5th_ day of _August 2008_ I

served a copy of this _Counter_ to each person whom it is directed by way of

_personal delivery_

Name _JOHN CERANI_

Address _12805 MUIR DR._

City/Zip _HUNTLEY, IL 60142_

Telephone _847-961-6378_