**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL TAX ADVISORS, INC., a Nevada corporation, and CREATIVE TAX STRATEGIES, INC., a Nevada corporation, | ) ) ) ) | |
| Plaintiffs, | ) | Case Number: 08 C 2222 |
| v | ) | |
| | ) | Judge Castillo |
| TAX LAW ASSOCIATES, LLC., a Nevada Limited Liability Company, TAX LAW ASSOCIATES, INC., a Georgia corporation, TAX LAW ADVISORS, INC., a Georgia corporation, MICHAEL SCOTT FUSSELL, an Individual, CRYSTAL KINDER, an Individual, and JOHN CERAMI, an Individual, | ) ) ) ) ) ) ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SEPARATE STATEMENT OF MATERIAL**
**FACTS PURSUANT TO LOCAL RULE 56.1**

Now comes the Plaintiffs, INTERNATIONAL TAX ADVISORS, INC. and CREATIVE

TAX STRATEGIES, INC., by and through their attorneys, Ronald L. Bell & Associates, P.C. ,

pursuant to Local Rule 56.1, submits this Separate Statement of Material Facts in support of its

Motion for Summary Judgment.

The following has been admitted.

I. **The Parties**

1. Plaintiff, International Tax Advisors, Inc. (ITA), a Nevada corporation, incorporated in
   2002, duly licensed to do business in Illinois, having its principal place of business located
   in Buffalo Grove, Illinois, is a business involved in providing tax consulting services. Page
   2, Number 2, of the Complaint for Injunctive Relief and Damages.

2. Plaintiff, Creative Tax Strategies, Inc. (CTS), a Nevada corporation, incorporated in 2002,
   duly licensed to do business in Illinois, having its principal place of business located in
   Buffalo Grove, Illinois, is a business also involved in providing tax consulting services.

Page 2, Number 3, of the Complaint for Injunctive Relief and Damages.

3.  Tax Law Associates, LLC (TLAL), a Nevada Limited Liability Company, was created in 2004 and has M. Scott Fussell listed as its Managing Member. Page 2, Number 4, of the Complaint for Injunctive Relief and Damages.

4.  Tax Law Associates, Inc. (TLA), a Georgia Corporation, was incorporated in 2004 and has M. Scott Fussell listed as its Registered Agent, CEO, CFO and Secretary. Page 2, Number 5, of the Complaint for Injunctive Relief and Damages.

5.  Tax Law Advisors, Inc. (TLAI), a Georgia Corporation, was incorporated in 2004 and has M. Scott Fussell listed as its Registered Agent, CEO, CFO and Secretary. Pages 2 and 3, Number 6, of the Complaint for Injunctive Relief and Damages.

6.  Defendant Michael Scott Fussell is an individual, a Georgia resident, a Georgia licensed attorney and a CPA, and former employee of Plaintiff's. Page 3, Number 7, of the Complaint for Injunctive Relief and Damages.

7.  Defendant Crystal Kinder is an individual, an Illinois resident, a CPA and currently attending law school, and was at all times relevant an employee of Plaintiff's. Page 3, Number 8, of the Complaint for Injunctive Relief and Damages.

8.  Defendant John Cerami has been dismissed from this action.

**II.   Jurisdiction and Venue**

9.    As this action arises out of the Copyright Act 17 U.S.C. § 101 et seq. and 15 U.S.C. § 45, this court has jurisdiction pursuant to 28 U.S.C. § 1331. The court has supplemental jurisdiction over the pendant state law claims pursuant to the principles of supplemental jurisdiction contained in 28 U.S.C. § 1367(a).  Page 3, Number 10, of the Complaint for Injunctive Relief and Damages.

Venue is proper in this Court as a substantial part of the events giving rise to these claims arose in the Northern District of Illinois.  Page 3, Number 11, of the Complaint for Injunctive Relief and Damages.

**III.  Undisputed Facts Pertinent to Plaintiff's Complaint**

11. That the Defendant, Michael Scott Fussell, was a former employee of the Plaintiff. Complaint for Injunctive Relief and Damages, Page 4, Number 17.  Settlement and Mutual Release dated November 13, 2003, Pages 1 and 2.

12. That the Defendant, Crystal Kinder, was a former employee of the Plaintiff and was employed by the Plaintiff under an agreement that provided she could not work for anyone else when she worked for Defendant, Michael Scott Fussell.  Complaint for Injunctive Relief and Damages, Exhibit 3.

13. That the Defendant, Crystal Kinder while employed by the Plaintiffs worked for the Defendant, Michael Scott Fussell after he left the employ of the Plaintiff.  Crystal Kinder Deposition dated July 1, 2009, Page 40, Lines 16-23.

14. That Defendant Crystal Kinder executed an employment agreement with the Plaintiffs prohibiting her from engaging in outside employment while working for the Plaintiffs. Crystal Kinder Deposition dated July 1, 2009, Page 53, Lines 7-13 and Crystal Kinder Deposition, dated July 1, 2009, Exhibit No. 1

**5. Other Employment**

**A. Employee shall devote Employee's full time, attention, knowledge, and skills to the business and interest of Employer, and Employer shall be entitled to the benefis, profits, or other issues arising from or incident to the work, services, and advice of Employee, and Employee shall not, during the term of this Agreement have any kind of interest, directly or indirectly, in any manner, as partner, officer, director, shareholder, advisor, employee, or in any other capacity in any other business similar to Employer's business or any allied trade or business enterprises; provided, however that nothing contained in this section shall be deemed to prevent or to limit the right of Employee to invest any of Employee's money in the capital stock or other securities of any corporation whose stock or securities are publicly owned or are regularly traded or any public exchange, nor shall anything contained in this section be deemed to prevent Employee form investing or limit Employee's right to invest Employee's money in real estate."**

**8. <u>Miscellaneous</u>**

**8.C. This Agreement may only be modified in writing, signed by both parties.**

15. That Michael Scott Fussell was aware of Defendant, Crystal Kinder's contract as he was her supervisor while she was employed at International Tax Advisors, Inc. Crystal Kinder Deposition dated July 1, 2009, Page 38, Lines 12-13.

16. That Defendant, Michael Scott Fussell, executed an employment agreement with the Plaintiffs prohibiting him from engaging in outside employment while working for the Plaintiffs. Michael Scott Fussell Deposition, dated July 2, 2009, Page 78, Lines 19-23 and Page 79, Lines 1-6. Michael Scott Fussell Deposition dated July 2, 2009, Exhibit No. 1, Page 2, Paragraph 5A.

**5. Other Employment**

**A. Employee shall devote Employee's full time, attention, knowledge, and skills to the business and interest of Employer, and Employer shall be entitled to the benefis, profits, or other issues arising from or incident to the work, services, and advice of Employee, and Employee shall not, during the term of this Agreement have any kind of interest, directly or indirectly, in any manner, as partner, officer, director, shareholder, advisor, employee, or in any other capacity in any other business similar to Employer's business or any allied trade or business enterprises; provided, however that nothing contained in this section shall be deemed to prevent or to limit the right of Employee to invest any of Employee's money in the capital stock or other securities of any corporation whose stock or securities are publicly owned or are regularly traded or any public exchange, nor shall anything contained in this section be deemed to prevent Employee form investing or limit Employee's right to invest Employee's money in real estate."**

17. That Defendant, Michael Scott Fussell fully acknowledges that Crystal Kinder's employment agreement was similar to his own in all respects, expressly requiring in writing all of the Defendant's time and energy be devoted to their employment with the Plaintiffs and not perform work for a similar business. Michael Scott Fussell Deposition, dated July 2, 2009, Page 80, Lines 14-23 and Page 81, Lines 1-9.

18. That Defendant, Michael Scott Fussell's companies provided strategic tax plans to individuals and corporations which is identical to the business conducted by the Plaintiff. Crystal Kinder Deposition dated July 1, 2009, Page 56, Line 23 and Page 57, Lines 1-8.

19. That Defendant, Michael Scott Fussell began utilizing the Plaintiff's strategic tax plan immediately upon leaving the employ of the Plaintiff. Michael Scott Fussell Deposition dated July 2, 2009, Page 55, Lines 10-20.

20. That Defendant, Crystal Kinder, was hired by Defendant, Michael Scott Fussell while employed by the Plaintiff to prepare strategic tax plans whereby she utilized the Plaintiffs' copyrighted documents to do so. Michael Scott Fussell Deposition dated July 2, 2009, Page

56, Lines 21-23 and Page 57, Lines 1-10.

21. That Defendant, Crystal Kinder never asked or requested permission from the Plaintiffs to utilize their copyrighted documents to construct Defendant Fussell's strategic tax plans. Michael Scott Fussell Deposition, Page 80, Lines 14-23 and Page 81, Lines 1-9.

22. That Defendant, Michael Scott Fussell's Employment agreement, barred the Defendant from utilizing confidential information or intellectual property of the Plaintiff. The Defendant admitted he utilized the Plaintiff's copyrighted in his company's strategic tax plans. Michael Scott Fussell Deposition, Page 76, Lines 14-23 and Page 77, Lines 1-4. Michael Scott Fussell Deposition, dated July 2, 2009, Exhibit No. 1, Pages 2 and 3, Section 6. Michael Scott Fussell Deposition, dated July 2, 2009, Exhibit No. 1, Page 4. Michael Scott Deposition, dated July 2, 2009, Exhibit No. 1, Page 5, Section 8.C.

Defendant, Michael Scott Fussell's Employment Agreement provided as follows:

**6. Confidential and/or Proprietary Information/Trade Secrets/Property Rights**

**Employee acknowledges the Company shall or may, in reliance on this Agreement provide Employee access to trade secrets and other confidential information and data, as further defined below; and that the provisions of this Agreement are reasonably necessary to protect Employer and its goodwill. Therefore, Employee agrees as follows:**

**A.   Employee shall not at any time, in any fashion, form or manner whatsoever, either directly or indirectly divulge, disclose or communicate to any person, firm, corporation, other entity, or any other third party, any confidential information concerning any matters affecting or relating to the business of the Employer. Without regard to whether all of such matter swill be deemed confidential material, or important by others. Employer and Employee specifically and expressly stipulating that as between them, such matters are important, material, and confidential and gravely affect the effective and successful conduct of the business of Employer, and Employer's good will, and that any breach of the terms of this section shall be a material breach of this Agreement.**

**B.   All materials, inventions, discoveries, improvements and designs developed by Employee in the performance of his duties during the term of this Agreement, all goodwill associated therewith, and all related documents, data, models, plans, specifications and other similar materials ("Intellectual Property"), shall become the sole and exclusive property of Employer when prepared or created,**

and shall be immediately disclosed to Employer by the Employee.  Employee hereby assigns all rights, title and interest in all such items, all goodwill associated therewith, and all related intellectual property to Employer.  In addition, Employee agreed that any copyrightable materials created under this Agreement constitute "work made for hire" under 17 U.S.C. Sec. 101.  If for any reason such material does not constitute works made for hire, Employee hereby irrevocably and exclusively grants, assigns and conveys all right, title and interest thereto, including any copyrights relating thereto, to Employer.  Employee agrees to execute any further documents, as Employer deems necessary to confirm the Company's ownership of the items and intellectual property.  Further, Employee agrees that he has no past, present, or future claim or right to ownership of any of the intellectual property, any current or future proceeds from he sale of any Intellectual Property or profits derived from the Intellectual Property by the Employer or Employee, and/or any Intellectual Property currently belonging to the Employer or Intellectual Property which is conceived of or produced by the Employee and which becomes the property of the Employer pursuant to the terms hereof.  To the extent that the Employee may in the future attempt to claim any ownership interest in or legal right to the Intellectual Property or any portion thereof, any current or future proceeds from the sale of the Intellectual Property currently belonging to the Employer or Intellectual Property which becomes property of the Employer hereunder, Employer hereby expressly waives such claims regardless of whether such claims are now know or of an unknown origin and nature.  For purposes of this Agreement, the terms "developed", "prepared" and "created" shall be given the broadest possible interpretation and shall include any thought process during which an idea is created regardless of whether the idea as originally conceived or produced requires alteration to become practical or useful.

C.      For purposes of this Agreement, Confidential Information is to be construed to include any information concerning any matters affecting or relating to the business of the Employer; including without limitation, Fianancial Statements of Employer and any of its affiliates and related companies, books, records, current and prospective customer/client lists, inventory, personnel files, equipment records, patents, copyrights, products, drawings, blueprints, reports and manuals, customer lists, pricing policies and data, source of supply, employment records and policies, operational methods, marketing plans and strategies, merchandising systems, product development techniques or plans, business acquisition plans, methods of manufacture, technical processes, techniques, formulae, compositions, systems, designs and design projects, inventions and research programs, trade "know how", trade secrets, research projects, scientific software, software programs, web-page and web-site designs and developments, algorithms, computer processing systems, object and source codes, user manuals, system documentation, its manner of operation, plans, processes and other business affairs and financial information, etc. ("Confidential Information").

D.      Employee will not make any commercial use, practice, publication or exploitation of any Confidential Information without the express written permission of Employer.

    **E.**    **All of the terms of Section Six (6) of this Agreement shall remain in full force and effect during the term of the Employee's employment and for a period of one (1) year after the termination of Employee's employment.**

    **7.**    <u>**Covenants of Employee and Non-Competition Agreement**</u>

    **D.3.**    **Not use any Confidential Information or Intellectual Property or transact business in a manner in any way based upon or utilizing Confidential Information or Intellectual Property.**

    **8.** <u>**Miscellaneous**</u>

    **8.C.**    **This Agreement may only be modified in writing, signed by both parties.**

23.  That Defendant, Michael Scott Fussell's Employment Agreement further states that the Defendant was prohibited from interfering with the contractual relationship between the Plaintiffs and its employees.  Page 5, Paragraph C of said document:

**"Employee---which is you—shall not, directly or indirectly, at any time during the employee's employment with the employer and for a period of six months after termination of the employer-employee relationship, either individually or in conjunction with any other person or entity, solicit or attempt to solicit any client, former client, prospective client, with whom the employer has initiated contract and is performing such acts designated to lead to the development of a business relationship of the employer for purposes of performing any and all current, contemplated or available services which the employer offers as part of its business operations; And not to solicit or attempt to solicit any employee, agent or contractor of employer to leave the employment of the employer; or Number 3, to assist or attempt to assist any person, firm, corporation or other entity in any way to solicit any employee agent or contract for an employer to leave the employment of the employer."**

Michael Scott Fussell Deposition, Exhibit 1, Employment Agreement of Michael Scott Fussell.

24.  That the Defendant, Michael Scott Fussell was aware of the contractual terms of his Employment and Settlement Agreements and hired Defendant, Crystal Kinder, while she was working full-time for the Plaintiffs, in violation of her contract. Michael Scott Fussell Deposition, dated July 2, 2009, Page 87, Lines 14-16 and Page 88, Lines 1-23.

25.  That Defendant, Crystal Kinder continues to work for Defendant Michael Scott Fussell to this day.  Michael Scott Fussell Deposition, dated July 2, 2009, Page 81, Lines 12-17 and Crystal Kinder Deposition, dated July 1, 2009, Page 40, Lines 16-23.

26.  That Defendant Crystal Kinder prepared and produced strategic tax plans for Defendant Michael Scott Fussell, while employed by the Plaintiffs, on her laptop computer.  Crystal Kinder Deposition, dated July 1, 2009, Page 45, Lines 10-19.

27.  That Defendant Crystal Kinder prepared approximately 355 strategic tax plans for the Defendant, Michael Scott Fussell, while employed by the Plaintiff.  Michael Scott Fussell Deposition, dated July 2, 2009, Page 157, Lines 5-23 and Page 158, Lines 1-3.  Crystal Kinder Deposition, dated July 1, 2009, Exhibit No. 6.

28.  That Defendant Crystal Kinder deleted 300 files which she prepared for the Defendant, Michael Scott Fussell, from her laptop computer in a single day prior to producing her laptop.   Crystal Kinder Deposition, dated July 1, 2009, Page 161, Lines 7-22.  Crystal Kinder Deposition, dated July 1, 2009, Exhibit No. 6.

29.  That Defendant Crystal Kinder received bonuses from Defendant Fussell's company for completing strategic tax plans on their behalf.  Crystal Kinder Deposition, dated July 1, 2009, Page 47, Lines 11-13.

30.  That Defendant Crystal Kinder received over $19,000.00 in tuition reimbursement while working for the Plaintiffs while she prepared and produced strategic tax plans for the Defendant Michael Scott Fussell.  Crystal Kinder Deposition, dated July 2, 2009, Page 69,

Lines 1-23, Page 70, Lines 1-10, Page 71, Lines 5-20, and Page 72, Lines 1-9.

31. That Defendant Crystal Kinder was paid by Defendant Fussell's company by check, for which she received 1099s and has not produced said 1099s to the Plaintiffs. Crystal Kinder Deposition, dated July 1, 2009, Page 99, Lines 17-18 and Page 100, Lines 8-9.

32. That Defendant Crystal Kinder was requested and refused to produce her personal and business income tax returns for years 2005, 2006, and 2007, and only did so under court order. Crystal Kinder Deposition, dated July 1, 2009, Page 42, Lines 4-7.

33. That tax return transcripts from the Internal Revenue Service indicate that Crystal Kinder did not file a business tax return for years 2005 and 2006. IRS Transcript, Tax Period December 2005, Pages 1 and 2. IRS Tax Transcript, Tax Period, December 2006, Pages 1 and 2.

34. That Defendant, Michael Scott Fussell represented to the Defendant, Crystal Kinder, that he received permission from the Plaintiffs to utilize their copyrighted documents. Scott Fussell Deposition, Page 46, Lines 11-18.

35. That Defendant, Michael Scott Fussell alleged that he received oral permission from Ken Sweet and John Burgess to utilize the Plaintiff's strategic tax plan which was not reduced to writing in the settlement agreement. Michael Scott Fussell Deposition, Page 62, Lines 9-18.

36. That no contract exists, nor could Defendant, Michael Scott Fussell, provide written proof of permission to substantiate his claim that the Plaintiff's granted permission to the Defendants to utilize their copyrighted documents and trade secrets. Michael Scott Fussell

Deposition, Page 71, Lines 15-19, Page 91, Lines 12-17, and Page 143, Lines 1-8.  Michael

Scott Deposition, dated July 2, 2009, Exhibit No. 1, Page 5, Section 8.C.

Defendant, Michael Scott Fussell's Employment Agreement provides as follows:

**8. <u>Miscellaneous</u>**

**8.C.    This Agreement may only be modified in writing, signed by both parties.**

37   That at all times, Defendant, Crystal Kinder admits that she utilized the Plaintiff's

copyrighted documents to prepare strategic tax plans for Defendant Fussell's clients, while

employed by the Plaintiff.  Michael Scott Fussell Deposition dated July 2, 2009, Page 56,

Lines 21-23 and Page 57, Lines 1-10.

38.  That Defendant, Crystal Kinder, earned $15,500.00 in 2005, $60,105.00 in 2006, and

$110,237.00 in 2007 in gross income from Defendant, Michael Scott Fussell and his

company, preparing strategic tax plans for clients while utilizing the Plaintiff's copyrights

documents.   Kinder Enterprises, LLC, 2005, U.S. Income Tax Return 1120S, Kinder

Enterprises, LLC, 2006, U.S. Income Tax Return 1120S, and Kinder Enterprises, LLC,

2007, U.S. Income Tax Return 1120S.

39.  That at all times, Defendant, Michael Scott Fussell admits that he utilized the Plaintiff's

copyrighted documents to prepare strategic tax plans for clients.  Michael Scott Fussell

Deposition dated July 2, 2009, Page 55, Lines 10-20.

40.  That Defendant, Michael Scott Fussell and his company, grossed $3,434,868.00 in 2006 and

$2,244,720.00 in 2007 alone, preparing strategic tax plans for clients while utilizing the

Plaintiff's copyrighted documents and personnel.  Tax Law Advisors, 2006, U.S. Income

Tax Return 1120S and Tax Law Advisors, 2007, U.S. Income Tax Return 1120S.

Dated:  March 11, 2010

Respectfully submitted,


By:_____*s/Ronald L. Bell*_____
            Ronald L. Bell


Ronald L. Bell & Associates, P.C.
Attorney for Plaintiffs
1275 Barclay Blvd. #100
Buffalo Grove, IL 60089
847-495-6000
Atty. No. 03126822