IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL TAX ADVISORS, INC.; and CREATIVE TAX STRATEGIES, INC., | ) ) ) ) | |
| | ) | No. 08 C 2222 |
| Plaintiffs, | ) ) | |
| | ) | Magistrate Judge Maria Valdez |
| v. | ) ) | |
| TAX LAW ASSOCIATES, LLC; TAX LAW ASSOCIATES, INC.; TAX LAW ADVISORS, INC.; MICHAEL SCOTT FUSSELL; and CRYSTAL KINDER, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs International Tax Advisors, Inc. ("ITA") and Creative Tax Strategies, Inc. ("CTS") brought this complaint against Defendants Tax Law Associates, LLC; Tax Law Associates, Inc.; Tax Law Advisors, Inc.; Michael Scott Fussell; and Crystal Kinder[1] alleging, among other things, that Defendants used Plaintiffs' copyrighted and trade secret materials in their own business. The fourteen-count complaint alleges violations of various federal and state statutes as well as common law causes of action. This matter is now before the Court on the following motions: (1) Plaintiffs' Motion for Summary Judgment [Doc. No. 96]; (2) Defendants' Motion for Partial Summary Judgment [Doc. No. 101]; (3) Plaintiffs'

---

[1] John Cerami, an original defendant, was dismissed pursuant to Plaintiffs' oral motion on August 12, 2009.

Motion to Strike Defendants' Counter Motion for Summary Judgment [Doc. No. 108]; (4) Plaintiffs' Motion to Strike Affidavit of Mitchell B. Katten [Doc. No. 123]; and (5) Plaintiffs' Motion to Strike Affidavit of Scott N. Gilbert [Doc. No. 125]. For the reasons that follow, Plaintiffs' Motion for Summary Judgment is denied, Defendants' Motion for Partial Summary Judgment is granted in part, and the remaining motions are denied as moot.

## FACTS

The following facts material to this decision are undisputed or are deemed admitted due to a party's failure to comply with Local Rule 56.1, which this Court strictly enforces. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Malec v. Sanford*, 191 F.R.D. 581, 583-84 (N.D. Ill. 2000). Plaintiffs ITA and CTS are businesses involved in providing tax consulting services. (Pls.' LR 56.1(a)(3) ¶¶ 1-2.) Plaintiffs have four registered copyrights related to materials they use to provide strategic tax planning services (the "Materials"), three with effective dates of registration of May 5, 2005, and one with an effective date of March 31, 2008. (Defs.' LR 56.1(a)(3) ¶¶ 28-30.) The Materials, taken together, constitute a "process" or "method" for providing Plaintiffs' clients with tax consulting services that will assist their clients in reducing their tax exposure. (*Id.* ¶ 34.) The '186 copyright describes the goal as reducing the client's taxes as much as legally possible. (*Id.* ¶ 39.) The '439 copyright states that the client will realize tax savings by following Plaintiffs' consulting advice. (*Id.* ¶ 40.) Plaintiffs' '438 and '440 copyrights graphically chart the client's projected tax savings from following Plaintiffs'

2

consulting advice. (*Id.* ¶ 41.) The '438, '439, and '440 copyrights state that the advice is based on existing law. (*Id.* ¶¶ 42-43.) Plaintiffs are not in the business of selling the Materials; they sell strategic tax planning services and consulting advice on how to reduce tax exposure. (*Id.* ¶ 38.)

The corporate defendants are also in the business of providing strategic tax plans to individuals and corporations. (Pls.' LR 56.1(a)(3) ¶ 18; Defs.' LR 56.1(a)(3) ¶ 23.) Defendant Fussell, a CPA and licensed attorney, was employed by ITA from June 2002 to October 2003. (Pls.' LR 56.1(a)(3) ¶¶ 6, 11; Defs.' LR 56.1(a)(3) ¶¶ 1.) Fussell is the sole owner of all three corporate defendants, which were created or incorporated in 2004. (Pls.' LR 56.1(a)(3) ¶¶ 3-5; Defs.' LR 56.1(a)(3) ¶¶ 2, 5-7, 22.) Immediately upon leaving Plaintiff's employ, Fussell began using the Materials in order to prepare strategic tax plans for his own clients. (Pls.' LR 56.1(a)(3) ¶¶ 19, 39; Defs.' LR 56.1(a)(3) ¶ 24.)

Defendant Kinder was employed by ITA and then CTS from June 2002 to April 2008. (Pls.' LR 56.1(a)(3) ¶ 7; Defs.' LR 56.1(a)(3) ¶ 3.) Around July 2005, while Kinder was employed by Plaintiffs, she was hired by Fussell, who had already left ITA. (Pls.' LR 56.1(a)(3) ¶¶ 13, 20; Defs.' LR 56.1(a)(3) ¶ 4.) During her employment with Fussell, Kinder also used the Materials in preparing strategic tax plans. (Pls.' LR 56.1(a)(3) ¶¶ 20-21, 37.)

Plaintiffs' complaint alleges the following causes of action: Count I - Infringement of a Federal Copyright, 17 U.S.C. § 106(1), (2), and (3); Count II - Fraud; Count III - Conversion; Count IV - Breach of Fiduciary Duty; Count V -

Violation of Illinois Trade Secret Act, 765 Ill. Comp. Stat. § 1065/1 *et seq.*; Count VI - Violation of the Consumer Fraud and Deceptive Trade Practices Act,[2] 815 Ill. Comp. Stat. § 510/1 *et seq.*; Count VII - Violation of Federal Deceptive Trade Practices Act,[3] 15 U.S.C. § 45; Count VIII - Accounting; Count IX - Tortious Interference with Contract; Count X - Tortious Interference with Prospective Economic Gain; Count XI - Unjust Enrichment; Count XII - Civil RICO Substance and Conspiracy; Count XIII - Conspiracy; and Count XIV - Breach of Contract (CTS v. Kinder). The parties have filed cross-motions for summary judgment as well as related motions to strike.

## DISCUSSION

### I. <u>Summary Judgment Standard</u>

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which

---

[2] The title of the cited statute should be "Uniform Deceptive Trade Practices Act." *See* 815 Ill. Comp. Stat. § 510/1 *et seq.*

[3] The title of the cited statute is "Federal Trade Commission Act." *See* 15 U.S.C. § 45. The Court's research revealed no statutes entitled "Federal Deceptive Trade Practices Act."

that party will bear the burden of proof at trial"). The Court must draw all reasonable inferences in favor of the nonmovant. *Bennington v. Caterpillar Inc.,* 275 F.3d 654, 658 (7th Cir. 2001).

However, once the movant has carried its burden under Rule 56(c), "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The party opposing summary judgment must offer admissible evidence in support of his version of events, and hearsay evidence does not create a genuine issue of material fact. *McKenzie v. Ill. Dep't of Transp.,* 92 F.3d 473, 484 (7th Cir. 1996); *see Larimer v. Dayton Hudson Corp.*, 137 F.3d 497, 500 (7th Cir. 1998) ("'If the non-moving party bears the burden of proof on an issue, . . . that party may not rest on the pleadings and must instead show that there is a genuine issue of material fact.'") (citation omitted). "The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. . . . The nonmovant will successfully oppose summary judgment only when it presents 'definite, competent evidence to rebut the motion.'" *Vukadinovich v. Bd. of Sch. Trs. of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002) (citations omitted).

"In considering a motion for summary judgment, this court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies." *Pleniceanu v. Brown Printing Co.*, No. 05 C 5675, 2007 WL 781726, at *7

5

(N.D. Ill. Mar. 12, 2007) (citing *Johnson v. Cambridge Indus., Inc.,* 325 F.3d 892, 898 (7th Cir. 2003)); *see also Knapp v. County of Jefferson*, No. 06 CV 4028, 2007 WL 496396, at *1 (S.D. Ill. Feb. 13, 2007) (denying summary judgment where defendant's brief "contains no facts section and . . . fail[s] to point to the relevant portions of the record to establish the facts of this case"). Finally, the Court is "'not required to draw every conceivable inference from the record,'" *McCoy v. Harrison,* 341 F.3d 600, 604 (7th Cir. 2003) (citation omitted).

## II.     Plaintiffs' Motion for Summary Judgment

Plaintiffs' motion seeks summary judgment on all fourteen counts of the complaint, but it discusses the elements of only Count I, copyright infringement. As the movants, Plaintiffs are obligated to set forth all elements of their claims and demonstrate that there is no disputed issue of fact as to any of them. Plaintiffs, however, have failed to disclose the elements of thirteen causes of action, let alone point to the uncontroverted evidence in support of each element.

Plaintiffs' motion does lay out the elements of a copyright infringement claim, but it does not cite to specific paragraphs of the statement of facts that demonstrate there is no triable issue of fact as to this claim. Instead, Plaintiffs

improperly cite directly to evidentiary exhibits.[4] *See Daoust v. Abbott Labs.*, No. 05 C 6018, 2006 WL 2711844, at *2 (N.D. Ill. Sept. 19, 2006) ("[C]itations in the [summary judgment] memorandum's statement of facts should be to the 56.1(a) or (b) statement only."). Plaintiffs' memorandum not only fails to cite to the specific numbered paragraphs in the statement of facts, it does not even cite to the summary judgment exhibits by number. Rather, they are merely described by their title, which would require the Court to first refer to the exhibit index, locate the exhibit by the description given in the memorandum, then find the cited information within the exhibit. Additional investigation would be required to determine whether the stated facts are undisputed. *See Daoust*, 2006 WL 2711844, at *4 ("Citing directly to the record in the memorandum . . . rather than citing to its 56.1(a)(3) statement, negates the purpose of the summary judgment exercise. . . . The court should be spared from engaging in this type of guesswork. The aim of a 56.1(a)(3) statement is to organize the arguments, give the [nonmovant] an opportunity to respond, and economize court resources by lessening the need to 'scour the record.'"). Because Plaintiffs' motion does not demonstrate that there are no material factual disputes, it amounts to no more than a recitation of a legal standard, with citations to statute and case law, and "[a] legal standard, even if correct, is useless to us unless applied to the facts of the case, particularly if it is a

---

[4] Notably, while the copyright registrations are included as exhibits to the motion, neither the existence of the registrations nor a description of the copyrighted materials is included in Plaintiffs' Local Rule 56.1 statement of facts. These issues are only in the record because they were included in Defendants' statement.

broad legal standard." *Malec v. Sanford*, 191 F.R.D. 581, 586 (N.D. Ill. 2000). Plaintiffs' motion for summary judgment is therefore denied.

**II.      Defendants' Motion for Summary Judgment**

Defendants argue that summary judgment should be granted as to all of Plaintiffs' federal claims (copyright infringement, violation of the FTC Act, and civil RICO), and that most of Plaintiffs' state claims are preempted. The Court will address each of the federal claims in turn.

    A.      <u>Count I - Infringement of a Federal Copyright</u>

Defendants argue that Plaintiffs' claim of copyright infringement should be dismissed because the copyrights are not valid, and Plaintiffs cannot establish damages. To establish copyright infringement, a plaintiff must prove: "'(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.'" *Janky v. Lake County Convention & Visitors Bureau*, 576 F.3d 356, 361 (7th Cir. 2009) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Defendants contend that the Materials are not copyrightable because: (1) they merely describe an uncopyrightable system or process for advising customers on methods for reducing their tax exposure; and (2) they lack the originality required for copyright protection.

There is no disputed issue of fact that Plaintiffs are primarily in the business of selling strategic tax planning services to their clients, and their registered copyrights constitute a process or method for providing their clients with tax consulting services. Plaintiffs do not sell the copyrighted documents. Defendants

8

further argue that the materials are unoriginal compilations of facts, which are not copyrightable. *See* 17 U.S.C. § 103 ("The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material."); *see Feist*, 499 U.S. at 350 ("Facts, whether alone or as part of a compilation, are not original and therefore may not be copyrighted."). Furthermore, while "[a] factual compilation is eligible for copyright if it features an original selection or arrangement of facts," the copyright extends only to the particular arrangement, not to the facts themselves. *Feist*, 499 U.S. at 350-51. Defendants contend that the '186 copyright is merely a compilation of the law;[5] the '439 copyright states that the process described is based on existing law; and the '438 and '440 copyrights expressly state that the advice being sold to clients is based on existing law. Because Plaintiffs consistently maintain to their clients that their materials are accurate renditions of fact and current law, they cannot simultaneously claim that the documents reflect creativity and originality.

Plaintiffs respond that the Plaintiffs' Strategic Tax Plan is an original design; the materials were accepted by the copyright office; and Defendants have admitted that they were aware the materials were used in commerce, that Plaintiffs had an unconditional right to maintain control of the materials, and that all the materials

---

[5] Defendants also point out that the certificate of registration incorrectly states that the author created the "entire work."

"constitute formulas, programs, data, methods, techniques, and processes" which are Plaintiffs' trade secrets.[6] (Pls.' Answer to Defs.' Mem. of Law at 9.)

While the certificates of registration are *prima facie* proof of copyright and thus give rise to a rebuttable presumption of validity, that presumption can be overcome. *See Team Play, Inc. v. Boyer*, 391 F. Supp. 2d 695, 699 (N.D. Ill. 2005). Plaintiffs cannot merely stand on the registrations without demonstrating disputed issues of fact in opposition to the arguments and undisputed facts set forth in Defendants' summary judgment brief. Plaintiffs' response, however, contains no citations to the Local Rule 56.1 statements. As a result, Defendants' arguments stand largely unrebutted. *See Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010) ("Before [the nonmovant] can benefit from a favorable view of evidence, he must first actually place evidence before the courts."). Moreover, Plaintiffs' contention that the materials constitute formulas, methods, techniques, and the like tends to support Defendants' argument that the materials are not copyrightable. *See* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is

---

[6] Plaintiffs also argue that the defense of invalidity is waived because it was not pleaded as an affirmative defense. The Court need not examine the issue of waiver, as copyright invalidity is a denial, not an affirmative defense. *See Energetec Sys., Inc. v. Kayser*, No. No. 84 C 10611, 1986 WL 8058, at *1 (N.D. Ill. July 17, 1986) (striking affirmative defense of copyright invalidity as improperly pleaded); *see also Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982) ("[A]n affirmative defense [is] something that generally admits the matters in a complaint but suggests some other reason why there is no right of recovery.").

described, explained, illustrated, or embodied in such work."); *see Feist*, 499 U.S. at 344-45. Because Plaintiffs have not demonstrated a disputed issue of material fact in relation to Count I, Defendants' motion for summary judgment is granted.

> B. <u>Count VII - Violation of Federal Deceptive Trade Practices Act, 15 U.S.C. § 45</u>

Defendants argue that there is no private right of action under the Federal Trade Commission Act ("FTC Act") and that remedial powers are vested exclusively with the Federal Trade Commission. The Court agrees. *See* 15 U.S.C. § 45(m)(1)(A); *Atl. Ref. Co. v. F.T.C.*, 381 U.S. 357, 367 (1965); *see also United States v. Philip Morris Inc.*, 263 F. Supp. 2d 72, 78 (D.D.C. 2003) ("The FTC Act is enforced exclusively by the FTC; there is no private right of action under the statute."). Therefore, Count VII must be dismissed.

> C. <u>Count XII - Civil RICO Substance and Conspiracy</u>

To prove a civil claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1964, a plaintiff must show: "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 491-93 (1985)). "A pattern of racketeering activity consists of at least two predicate acts of racketeering committed within a ten-year period. . . . Predicate acts are acts indictable under a specified list of criminal laws, . . . including mail fraud . . . and wire fraud . . . ." *Midwest Grinding*, 976 F.2d at 1019. Defendants claim that Plaintiffs' civil RICO claim must be

11

dismissed because there is no evidence of any predicate acts, and the RICO enterprise alleged by Plaintiffs is simply Defendants' business, which does not constitute an enterprise under the statute.

Plaintiffs respond, without citation, that Defendants' alleged violation of the FTC Act could be used as a predicate act for purposes of RICO. Setting aside the fact that this argument speaks of only one predicate act, not the required two, this alleged predicate act is not one enumerated in the RICO statute. *See* 18 U.S.C. § 1961(1) (defining "racketeering activity" as including numerous indictable acts, such as bribery, mail fraud, wire fraud, and forgery). Moreover, the "enterprise" alleged in this case was the individual defendants' own (co-defendant) business, and "the court has consistently insisted that the RICO defendant or 'person' be separate and distinct from the enterprise." *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 676 n.3 (7th Cir. 2000) ("'A firm and its employees, or a parent and its subsidiaries, are not an enterprise separate from the firm itself.'") (citation omitted). Plaintiffs offer no contrary argument that a separate enterprise existed in this case. Summary judgment is therefore granted as to Count XII.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment [Doc. No. 96] is DENIED. Defendants' Motion for Summary Judgment [Doc. No. 101] is GRANTED IN PART as to Counts I, VII, and XII, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims contained in Counts II-VI, VIII-XI, and XIII-XIV. Because the Court's ruling was based on issues other

12

than those raised in Plaintiffs' Motion to Strike Defendants' Counter Motion for Summary Judgment [Doc. No. 108], Plaintiffs' Motion to Strike Affidavit of Mitchell B. Katten [Doc. No. 123], and Plaintiffs' Motion to Strike Affidavit of Scott N. Gilbert [Doc. No. 125], those motions are DENIED AS MOOT.

**SO ORDERED.**  **ENTERED:**

**DATE: February 15, 2011**  _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**